Michael D. Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>RUSSELL DEAN CRONCE,<br><br>           Defendant. | Case No. 3:06-cr-0027-RRB<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE FROM STOP AND ENSUING SEARCH OF AUTOMOBILE |

*1.     Statement of Facts*

On October 30, 2005, "Trapper John's" gun store in Kenai, Alaska, was burglarized.  Someone broke into the gun case and apparently took guns.

On November 6, 2005, police in Kenai received an anonymous tip alleging that Russell Cronce and Sebastian Garner were the burglars, and that they were going to be riding in a Jeep Cherokee from Nikiski to Kenai.

Based only on the tip, police later stopped the so-described vehicle.  The officers observed a female driving the vehicle.  There was one passenger, but the officers made the stop without identifying either Mr. Cronce or Mr. Gardner as passengers.  Upon

stopping the vehicle, police immediately arrested Cronce and Gardner and searched the vehicle. Inside a backpack, police located two guns suspected to be connected to the burglary, and Mr. Cronce and Mr. Gardner were charged in State of Alaska Superior court with possession of the stolen weapons.

  2. *Law and Argument*

An uncorroborated anonymous tip is insufficient evidence upon which to base the stop of the vehicle, the arrest of the occupants, and the search of the vehicle. Mr. Cronce asserts that the warrantless stop and search as conducted would have required probable cause to justify a search. In addition, it is clear from case law that the evidence available to the Kenai police at the time of the stop and search did not even meet the minimal "reasonable suspicion" standard of proof. *Florida v. J.L.*, 529 U.S. 266, 120 S. Ct. 1375, 146 L. Ed. 2d 254 (2000). *See also, United States v. Morales*, 252 F.3d 1070 (9th Cir. 2001).

In *Florida v. J.L.*, under very similar factual circumstances, the Court held that such an anonymous tip identifying an individual as carrying a gun, without more, did not provide reasonable suspicion justifying a *Terry* stop and frisk. In *Florida v. J.L.*, the tipster did nothing other than describe the person and the place the suspect could be found, and the allegation that the suspect was involved in a gun crime. With nothing more, the Court concluded that the information was insufficient. The same result applies to facts of the present case.

*3.     Fruit of the Poisonous Tree*

Two significant potential fruit of the poisonous tree issues remain beyond the simple suppression of the evidence seized from the car.

First, as noted above, Mr. Cronce was arrested and charged based upon the illegal stop and search. After being placed in the jail, he had several arguably inculpatory conversations regarding the facts surrounding the weapons seized pursuant to the illegal stop and search. Mr. Cronce asserts that the admissions in those conversations, tied as they are to the illegal stop and search, are fruit of the poisonous tree and must be suppressed as well.

Second, police imported information from the stop and search of this vehicle into a search warrant for a suspect methamphetamines laboratory. At this time, Mr. Cronce has not been able to obtain a copy of a tape from the Kenai court setting forth the testimony, the evidentiary basis, for that search warrant. It is unknown whether the ill-gotten evidence from this stop and search taints the supplemental warrant.

DATED this 20th day of April, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on April 25, 2006, a copy of the
foregoing document was served electronically on:

Larry D. Card, Esq.

/s/ Michael D. Dieni