DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | No. 3:06-cr-00027-RRB-JDR |
| ) | |
| Plaintiff,  ) | **GOVERNMENT'S** |
| ) | **OPPOSITION TO** |
| vs.  ) | **DEFENDANT CRONCE'S** |
| ) | **MOTION TO SUPPRESS** |
| RUSSELL DEAN CRONCE  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

## INTRODUCTION

This matter is before the court on the defendant's Motion to Suppress based on insufficient information given to the police to form probable cause for a detention or an arrest.  The defendant's motion is based on the police reports

received by his counsel in discovery, which led his counsel to believe that a "bare bones" submission of information from a totally anonymous source led to Mr. Cronce's detention and arrest on November 6, 2005.  The filing of the motion caused the assigned government attorney to call and ask further questions from the officers involved in the taking of the "anonymous" telephone call.  On April 27, the Kenai Police Officer, Officer Benjamin Langham advised that he actually did have the name of the individual on the second call to the police department, but the person, Mr. Kelly Strauch wanted his name kept confidential, if all possible.  He later changed his mind, along with his wife, Mrs. Pamela Strauch, but apparently still wanted to be as anonymous as possible.  The officer thus submitted a supplemental report on the early morning of April 27, 2006 which was immediately made available to Mr. Cronce"s counsel.

## FACTS AND PROCEEDINGS

Russell Cronce and Sabastion Gardner were indicted by a grand jury on March 21, 2006, and a Superceding Indictment was returned on April 20, 2006.  Arraignment was held on Monday, the 24th of April, and a new motions date were given to both defendants by the Magistrate Judge.  Defendant Cronce's motion and memorandum in support of his motion to suppress was filed on April 25, 2006.  An evidentiary hearing has been set by the court for Tuesday, May 9, 2006 at 9:30

a.m. Therefore, the United States of America by and through its counsel of record, the United States Attorney's Office, and Lawrence D. Card, Assistant U.S. Attorney, and hereby files its opposition to defendant Russell Dean Cronce's Motion to Suppress evidence obtained from the stop of an automobile.[1] The evidence at the evidentiary hearing will reveal that on November 6, 2005 the Kenai Police Department received a telephone call at approximately 8:00 a.m. from an anonymous male caller who refused to identify himself. At that time he was referred to Officer Aaron Turnage, and Officer Turnage was given information about the burglary of the Trapper John's Gun shop that had occurred on October 31, 2005 in Kenai, Alaska. The caller also told officer Turnage that he knew who had some of the guns from the recent burglary, and the caller agreed to help the Kenai police Department recover some of the stolen guns and provide suspect information.

---

[1] Upon receiving the motion filed by the defendant Cronce, the under-assigned Assistant U.S. Attorney contacted Officer Aaron Turnage, who in turn referred the call to Officer Benjamin Langham, who actually had continued contact with the person, afer the first call was anonymous, but in the second call identified himself, and agreed to no longer be anonymous. Officer Langham was asked to provide a supplemental report on the 26th of April, which was provided to defendant's counsel upon its receipt. If after receiving the report, the defendant wishes to supplement his memorandum before the evidentiary hearing, there will not be any opposition from the government. The initial police reports that he had received, as well as the government's did not indicate that Mr. or Mrs. Strauch identified themselves at any point during the police contact on November 6, 2005.

Officer Turnage then told the male caller that he was about to change shifts, and to speak to Officer Benjamin Langham if he had any more information to give to the police. The evidence will show that the male caller called again at approximately, 9:30 a.m. and decided to give Officer Langham his name, which was revealed as Kelly Strauch, who stated that his stepdaughter, Tiphonie Powers, was Mr. Cronce's girlfriend. At that time, Mr. Strauch expressed uncertainty to the officer about remaining anonymous. Officer Langham will testify that he suggested that Mr. Strauch call the Crimestoppers line, so that he would get an identification number, and in the event his information assisted in the arrest or conviction of the perpetrators, he may be able to claim a reward.

At Approximately 12:15 p.m., Mr. Strauch called again saying that his wife, Pamela Strauch and he were going to take Mr. Cronce, and Mr. Gardner to Nikiski, Alaska, and that Mr. Cronce had told him and Mrs. Strauch that they had burglarized Trapper John's Gun Shop, and that they (Cronce and Gardner) were currently in possession of several of the stolen handguns. Mr. Strauch also told Officer Langham that in one hour he and Mrs. Strauch would be traveling to Kenai from Nikiski, Alaska in a Brown 2001 Jeep Cherokee, license number EBV924 with both Mr. Cronce and Mr. Gardner.

Officer Langham reported in his report of November 8, 2005 that at approximately "1310 hours" [1:10 p.m.][Alaska State] Trooper Blizzard and he parked on the Kenai Spur Highway at mile 14 at the EDD Building, and Officer Johnson [presumably of Kenai Police Department] parked at mile 15 of the Kenai Spur Highway. Officer Langham further reported in his report of November 8, 2005 that he observed the Jeep previously identified to him by Mr. Kelly Strauch passing his location, and he could observe a male in the passenger seat, and "at least one person in the backseat of the vehicle." Officer Langham indicated that his ability to see into the vehicle was hampered by the darkly tinted rear windows in the Jeep. During the subsequent felony stop where the officers approached the Jeep with their guns drawn, the officers identified the driver as Mrs. Pamela Strauch, and the front seat passenger as Mr. Kelly Strauch, their once anonymous citizen-informant. The person removed from the seat behind the driver was Sabastion Gardner, and Mr. Russell Cronce was sitting in the rear seat on the passenger side of the vehicle. Both defendants were place under arrest. The information about the methamphetamine lab was reported by either Mr. or Mrs. Strauch or both[2] just after the defendants were remanded to Wildwood.

---

[2] It is not clear from Officer Langham's report of November 8, 2005 whether one or both of the Strauchs reported the methamphetamine lab upon the arrest of Cronce and Gardner. Hopefully, this issue will be clarified during the evidentiary

## DISCUSSION

**The Informants in Mr. Cronce's and Gardner's Case Were Citizen - Informants**

The facts submitted in Officer Langham's supplemental affidavit, which will be discussed at the evidentiary hearing supports the court finding that Mr. and Mrs. Strauch were citizen-informants, and therefore entitled to greater credibility than those types of informers who are generally from the criminal milieu. Typical informants are those who may have found themselves in criminal trouble, and in order to gain some type of favor, they agree to provide information to police with varying degrees of success.

The government has reviewed the defendant's submissions of authority regarding anonymous tips, and he has correctly stated the law. Had the information been exactly as the defendant believed it to be when he submitted his memorandum, the government would have conceded the paucity of evidence to form probable cause for an arrest, or even a detention. But the evidence does not support such a concession. In *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527 (1983), the United States Supreme Court abandoned the two-pronged Aguilar test in favor of the "totality of circumstances" approach in determining a probable

---

hearing of May 9, 2006.

cause determination.  Turning to the instant case, we clearly have a "citizen informant", or "cooperative citizen" or a "concerned citizen" or an "informant not from the criminal milieu. "(Citations Omitted) See *Wayne R. LaFave, Search and Seizure, Fourth Ed., §3.4(a)*.  Citizens who come forward to report on criminal activity have traditionally been given greater credibility than those from the criminal milieu, or those who remain truly anonymous.  The police knew not only who the informants were in this case, but had been given detailed information about the identity of the perpetrators of the burglary, and exactly when they would be coming down the Kenai Spur Highway, in what type of automobile with the exact license of the vehicle, and who would be riding in the vehicle.  The police were also told of the presence of the guns, thus necessitating the felony stop.  Clearly, there was more than enough evidence to allow not only the stop of the vehicle, but also the detention/arrest of both Mr. Cronce and Mr. Gardner.  This case meets the "totality of circumstances " test for the court to deny the defendant's motion to suppress.

## CONCLUSION

The supplemental report submitted by Officer Langham supports the court denying the defendant's motion to suppress.  The evidentiary hearing to be held on May 9, 2006 will support the government's conclusion that the "totality of circumstances" test was met when the 0officers decided to act on the information

that had been provided by Mr. and Mrs. Strauch. .

RESPECTFULLY SUBMITTED April 27, 2006, at Anchorage, Alaska.

                DEBORAH M. SMITH
                United States Attorney

                s/ Lawrence Card
                Assistant U.S. Attorney
                Federal Building & U.S. Courthouse
                222 West Seventh Avenue, #9, Rm. 253
                Anchorage, Alaska  99513-7567
                Phone: (907) 271-5071
                Fax: (907) 271-1500
                Email: larry.card@usdoj.gov
                AK Bar No. 8011068

**CERTIFICATE OF SERVICE**
I hereby certify that on April 27, 2006, a copy of the foregoing, was served, electronically, on:

Michael Dieni


s/Lawrence Card