Michael D. Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>RUSSELL DEAN CRONCE,<br><br>                Defendant. | Case No. 3:06-cr-0027-RRB<br><br>DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE FROM STOP AND ENSUING SEARCH OF AUTOMOBILE, *Filed on Shortened Time* |

       Defendant, Russell Dean Cronce, by and through counsel Michael D. Dieni, Assistant Federal Defender, hereby submits the following supplemental brief in support of Mr. Cronce's motion to suppress evidence seized from the stop of Mr. Cronce and the search of the car.  The government's surprising admission that Officer Langham intentionally wrote a false police report gives cause for the court to decide additional issues.  This memorandum is filed in aid of the suppression hearing now set for May 15, 2006.

       As a preliminary point, Mr. Cronce does not concede the accuracy of the government's characterization of Officer Langham's proposed testimony; the government's

brief by itself establishes that Officer Langham misrepresented the facts in his police reports. In his reports (two of them), he stated that the call was an anonymous tip. Now the government says that the officer lied in his report to protect the identity of the caller. A hearing will be necessary to determine whether he told the truth in his reports, or if he is telling the truth now.

Nor does Mr. Cronce concede that the identification of the caller in the phone call, especially one who apparently might have extracted some sort of promise from the officer to remain anonymous, should be treated as if he were, in fact, a true "civilian" informant. In addition, Mr. Cronce asserts that even if the caller gave his name, reasonable suspicion did not exist to make the stop.

In the event the court concludes that there was a basis for a *Terry* "reasonable suspicion" stop, a second issue remains. Mr. Cronce objects to any finding that the caller's report, on its own, supports a finding of probable cause to make an arrest. Therefore, this matter is limited to, at most, a pat search of the suspects.

The officers, however, exceeded the scope of a *Terry* stop search. After the officers stopped the vehicle, the officers illegally searched Mr. Cronce's backpack inside the vehicle. The police report written by Officer Langham states that an officer observed two guns in the backpack in "plain view." Given Officer Langham's apparent willingness to write false police reports, Mr. Cronce does not accept this representation.

Mr. Cronce did not give the officers consent to search the backpack, and the officers had no warrant and no other Fourth Amendment based justification. Therefore, the search of the backpack, independent of the validity of the stop, is illegal.

DATED this 12th day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on May 12, 2006, a copy of the
foregoing document was served electronically on:

Larry D. Card, Esq.

/s/ Michael D. Dieni