Michael D. Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>RUSSELL DEAN CRONCE,<br><br>            Defendant. | Case No. 3:06-cr-0027-RRB<br><br>MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS SEARCH OF MR. CRONCE'S CAR |

*1.     Introduction*

Mr. Cronce seeks suppression of any evidence seized from inside his car, which was parked outside his home.

The day after police arrested Mr. Cronce and Mr. Gardner, police went to Mr. Cronce's home to look for evidence. Police obtained Mr. Cronce's mother's permission to search Mr. Cronce's room. After doing so, police went outside and Mr. Cronce's mother advised police that there was a car on the premises that belonged to Mr. Cronce. She told them that the title of the vehicle was in Mr. Cronce's name. Although she told the police it was okay with her if police searched the car, she told them nothing suggesting that she

had the kind of equal right of access to the vehicle that she enjoyed with regard to the room in the house.

Police proceeded to search the vehicle. Next, after entering the vehicle, police searched the contents of a closed container inside the vehicle.

Neither officer did a report describing this search event. However, the entire exchange is recorded on an audio-tape.

2.    *Law and Argument*

Although the warrant requirement might be relaxed as to cars, citizens do have a Fourth Amendment based expectation of privacy in their cars. *See United States v. Chadwick*, 433 U.S. 1, 97 S. Ct. 2476 (1977). Therefore, although police may conduct a warrantless search of a vehicle, they may do so only if they have probable cause to believe the vehicle contains evidence of crime. *United States v. Hatley*, 15 F.3d 856, 858 (9th Cir. 1994).

Here, police searched Mr. Cronce's car without consent or probable cause. Evidence seized as a result of entry into the vehicle must be suppressed.

Not only did the officers lack probable cause to search the car, they had no information that the backpack inside the car contained contraband or evidence. The search of the backpack, therefore, is equally flawed. *California v. Acevedo*, 500 U.S. 565, 111 S. Ct. 1982 (1991).

DATED this 12th day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:

I certify that on May 12, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Larry D. Card, Esq.

/s/ Michael D. Dieni