NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-00027-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| RUSSELL CRONCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, RUSSELL CRONCE, who is scheduled to be sentenced on September 28, 2006. For the reasons provided below, the government concurs with the

recommendations made by the final presentence report ("PSR") and, pursuant to the 11(c)(1)(B) plea agreement, recommends a sentence at the low-end of the sentencing range of 24-30 months.

I.   BACKGROUND

On July 17, 2006, the defendant pled guilty to the following two counts of the First Superseding Indictment: Count 1, conspiracy in relation to methamphetamine, its salts, isomers, and salts of its isomers trafficking, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); and Count 3, unlawful possession of a stolen firearm, in violation of 18 U.S.C. §§922(j) and 924(a)(2). The government agreed to move to dismiss at sentencing Counts 2 and 4.

During his plea colloquy, Cronce admitted that between October 30, 2005, and November 6, 2005, near Kenai, Alaska, he conspired with another to purchase and assemble various chemicals with the intent to manufacture methamphetamine. Cronce also admitted that on October 30, 2005, he possessed firearms, knowing they had been stolen from a federally licensed firearms dealer, which had been transported in interstate commerce. Cronce also agreed that he would be jointly an severally liable for the calculated restitution in this case.

II.  SENTENCING CALCULATION

A.  Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Count 1 of the First Superseding Indictment is twenty (20) years imprisonment, a $1,000,000 fine, three (3) years supervised release, and a $100 special assessment. The maximum sentence that may be imposed on the defendant for Count 2 of the First Superseding Indictment is ten (10) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment.

B.  Sentencing Guidelines Calculation

As noted in the PSR, the United States did not have any objections to the PSR and the defendant's objections have been addressed. The guideline imprisonment range is 24-30 months.

III.  GOVERNMENT'S SENTENCING RECOMMENDATION

Pursuant to the 11(c)(1)(B) plea agreement, the government respectfully recommends that the court impose a sentence at the low-end of the Sentencing Guidelines, or 24 months.[1]

---

[1] The plea agreement states specifically that the government would recommend to the court a sentence of 27 months, the low-end of the sentencing range as calculated in the plea agreement. Plea Agreement at page 11. The undersigned attorney who has subsequently been assigned to this case agrees to recommend a sentence at the low-end of the correct sentencing range as calculated by the PSR with the understanding that a low-end recommendation is consistent with the spirit of the agreement.

The defendant is heading down a dark path. Robbing a gun store and stealing guns to protect a burgeoning business of manufacturing methamphetamine is a dark path indeed. However, the defendant has no prior convictions of record and he is young – he is only 20 years old. A "shock" sentence in this case, two years in federal custody, will hopefully serve adequately to deter Cronce from this type criminal conduct in the future. Upon review of the PSR, Cronce has an excellent opportunity both for rehabilitation and to address his methamphetamine addiction. If Cronce so chooses, he can change his path in life in a positive direction.

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence at the low-end of the sentencing range of 24-30 months is appropriate. A sentence of 24 months would adequately address both the nature and circumstances of the offense, and reflect the history and characteristics of the defendant. Ultimately, a sentence at the low-end of the sentencing range would best recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the community of Kenai from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)  **24 months in custody**;

(2)  **No fine is requested** due to the defendant's inability to pay;

(3)  **A three (3) year period of supervised release,** and

(4)  **A special assessment in the amount of $200.00** is, of course, required.

RESPECTFULLY SUBMITTED this  22nd  day of September, 2006 at Anchorage, Alaska.

          NELSON P. COHEN
          United States Attorney

          s/ David A. Nesbett
          Special Assistant U.S. Attorney
          222 West 7th Ave., #9, Rm. 253
          Anchorage, AK 99513-7567
          Phone: (907) 271-6306
          Fax: (907) 271-1500
          E-mail: david.nesbett@usdoj.gov
          Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2006,
a copy of the foregoing Government's Sentencing
Memorandum was served electronically on Michael Dieni.

s/ David A. Nesbett