PROB 12C
(7/93)



RECEIVED
DEC 17 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

# United States District Court
## for the
## District of Alaska

Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: Russell Dean Cronce | Case Number: 3:06-CR-00027-01-RRB |

Sentencing Judicial Officer:     Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:     September 28, 2006

Original Offense:     Conspiracy In Relation To Methamphetamine, Its Salts, Isomers Trafficking in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B); and
Unlawful Possession of a Stolen Firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2)

Original Sentence:     24 months imprisonment with 3 years supervised release

Date Supervision Commenced:     August 8, 2007

Asst. U.S. Attorney: David Nesbett          Defense Attorney: Michael Dieni

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on December 10, 2007, the defendant admitted to this officer to the use of marijuana on or about December 5, 2007, and a urine sample obtained on December 10, 2007, was confirmed to contain marijuana, opiates, and cocaine. This violation is a Grade C violation. |

| | |
|---|---|
| 2 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on December 10, 2007, the defendant admitted to this officer that he had moved to his mother's residence from his brother's residence approximately one week prior due to conflict between he and his brother. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on October 5, 2007, the defendant admitted to this officer to the use of marijuana in the month of September 2007. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on October 5, 2007, this officer spoke with the defendant's mother who reported the defendant was residing with his brother. On this date, the defendant reported that he had moved back in with his brother due to conflict between he and his mother. This violation is a Grade C violation. |
| 5 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month as determined by the probation officer," in that On October 4, 2007, the defendant failed to report for a scheduled drug test. This violation is a Grade C violation. |
| 6 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month as determined by the probation officer," in that on September 26, 2007, the defendant failed to report to a scheduled drug test. This violation is a Grade C violation. |
| 7 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month as determined by the probation officer," in that on September 7, 2007, the defendant failed to report to a scheduled drug test. This violation is a Grade C |

*Petition for Warrant or Summons*
*Name of Offender      :   Russell Dean Cronce*
*Case Number           :   3:06-CR-00027-01-RRB*

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: December 17, 2007

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[√]    The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

*Petition for Warrant or Summons*
*Name of Offender      :   Russell Dean Cronce*
*Case Number           :   3:06-CR-00027-01-RRB*

REDACTED

Ralph R. Beistline
U.S. District Court Judge

December 17, 2007
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: 3:06-00027-01-RRB |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| Russell Dean Cronce ) | |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Russell Dean Cronce, and in that capacity declare as follows:

On July 17, 2006, the defendant appeared with counsel before the Honorable Ralph R. Beistline, U.S. District Court Judge, and entered guilty pleas to Count 1, Conspiracy in Relation to Methamphetamine, Its Salts, Isomers, and Salts of Its Isomers Trafficking, 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C), a Class C felony; and Count 3, Unlawful Possession of a Stolen Firearm, 18 U.S.C. §§ 922(j) and 924(a)(2), a Class C felony; of the First Superseding Indictment.

On September 28, 2006, the defendant was sentenced to 24 months imprisonment with 3 years supervised release.

On October 5, 2006, an Amended Judgment was filed adding that the restitution be paid Joint and Several with Sabastian Alexander Gardner, 3:06-CR-00027-02-RRB and $4,206.28.

On August 7, 2007, this officer met with the defendant at the Cordova Center to review the Amended Judgment. The defendant was to be released from the Cordova Center the next day and was to return to Kenai early in the morning. This officer read each condition contained in the Amended Judgment to the defendant, and he signed the file copy of the Amended Judgment acknowledging that he understood the courts options should he violate any of the conditions and understands the conditions of supervised release. The defendant was given a copy of the Amended Judgment. The defendant reported that he would be residing at his mother's residence, at 1220 Lilac Lane, Kenai, Alaska 99611.

On August 8, 2007, the defendant was released from the Cordova Center and his supervised release commenced.

On August 23, 2007, this officer met with the defendant's mother who reported that the defendant appeared to be doing well and he stays at her residence half of the week and stated

that she believes that he stays the other days at his brother's residence. This officer later met with the defendant and inquired about his living arraignments, and the defendant reported that he was living with his mother. This officer asked the defendant where he stays the days he is not at his mother's residence, in that he is only staying at his mother's residence about half the time each week. The defendant stated that he stays with his brother at times or with different girls other times. This officer informed the defendant that he is to have a permanent residence. This officer further informed the defendant that a residence address is where he lays his head down at night to sleep and that he needs to stay at his reported residence each night of the week and if the residence changes, he is to inform this officer of such a change in residence.

On August 31, 2007, this officer received a voice message from the defendant reporting that he had contact with the police the previous night.

On September 2, 2007, this officer received a voice message from the defendant stating "the cops are here right now and they're giving me a bunch of shit and I'm not even doing anything."

On September 8, 2007, this officer spoke with an officer with the Kenai Police Department regarding two contacts with the defendant. According to the officer, they contacted the defendant twice at a campground in Kenai for disturbances and one of the contacts was at 6:30 a.m., and on both occasions, it appeared the defendant was intoxicated.

On September 7, 2007, the defendant failed to report to the Cook Inlet Council on Alcohol and Drug Abuse (CICADA) for a scheduled drug test.

On September 11, 2007, this officer contacted the defendant via telephone and inquired as to why he missed his scheduled drug test, and the defendant reported that he forgot to call (the drug testing program is where the defendant calls into an automated program to determine if they are scheduled for drug testing). This officer instructed the defendant to report to CICADA the next day and submit a urine sample for testing.

On September 12, 2007, the defendant submitted a urine sample at CICADA that tested negative for any controlled substances.

On September 26, 2007, the defendant failed to report to CICADA for a scheduled drug test.

On October 4, 2007, the defendant failed to report to CICADA for a scheduled drug test.

On October 4, 2007, this officer reviewed the defendant's Monthly Supervision Report for the month of September. The defendant did not report any changes in residence, employment, or vehicle. The defendant reported having police contact on September 24, 2007, and September 28, 2007, and received a speeding ticket on one occasion and was a passenger in a vehicle the other occasion. The defendant also reported that he either possessed or used marijuana. The defendant also reported that he failed to respond to phone recorded instructions because he

forgot.

On October 4, 2007, this officer left a message on the defendant's home phone and cellphone requesting that he calls this officer.

On October 5, 2007, this officer again called the defendant's home and cell phones requesting that he call this officer. This officer called the defendant's mother who reported that she did not see the defendant the previous night and that the defendant is staying at his brother's residence and is working for his brother, Chris Cronce.

On October 5, 2007, this officer called and spoke with Chris Cronce who reported the defendant was in the process of moving into his residence but last stayed at his residence two days ago and that the defendant has a girlfriend but does not know if the defendant stays at her residence.

On October 5, 2007, the defendant called this officer and reported that things had been going bad with his mother and is back living with his brother and working for his brother. The defendant was reprimanded verbally for not notifying this officer of such changes and that he is to notify this officer of such changes and that it is his duty to make such notifications and not this officer's job to track him down and learn of such changes from others. The defendant was informed by this officer that this was a violation and this is not the first time this has been discussed. The defendant reported that he understood. The defendant also reported that he smoked a "bowl of weed" earlier last month and that is why he has not wanted to go to submit to drug testing.

On October 10, 2007, the defendant reported to CICADA and submitted a urine sample that tested negative for any controlled substances.

On October 17, 2007, the defendant reported to CICADA and submitted a urine sample that tested negative for any controlled substances.

On October 26, 2007, the defendant reported to CICADA and submitted a urine sample that tested negative for any controlled substances.

On November 6, 2007, this officer received a voice message from the defendant reporting that he got into "a little scuffle" the other night.

On November 13, 2007, after leaving each other messages, this officer spoke with the defendant via telephone. The defendant reported that he was still residing and working for his brother. The defendant also reported that he had been in the vehicle with his brother and there was a drunk female and another male in the vehicle. The defendant reported that the female called him a name and he called her a name back and the unknown male got mad and hit the defendant so he hit the male back and they got into a fight. The defendant reported that he had not been drinking. The defendant further reported that he left the fight and doesn't know if the police came but believed they did. The defendant reported that he has quit drinking and going

out to bars.

On November 15, 2007, the defendant failed to report to CICADA for a scheduled drug test.

On December 4, 2007, the defendant failed to report to CICADA for a scheduled drug test.

On December 10, 2007, this officer, along with a fellow officer, attempted to contact the defendant at his reported residence where he was residing with his brother, Chris Cronce, at 167 N. Birch, space 25, Soldotna, Alaska. Chris Cronce answered the door and stated that his brother was not there and Russell has been staying at their mother's home for the last two days. This officer asked if the defendant is otherwise staying at this residence and Chris Cronce stated yes. This officer asked if the defendant had a room at this residence and Chris Cronce stated he did. This officer asked if he could show me the room where the defendant stays and Chris Cronce allowed us in the residence. Chris Cronce lead this officer to a bedroom at the front of the trailer. This officer observed some clothes hanging in the closet and some pictures of the defendant while in custody located on the dresser in the room. This officer asked Chris Cronce if there were any documents with the defendant's name on them in the room. This officer observed paperwork located on a stand next to the bed and this officer asked to see the documents, and the documents were insurance papers with the defendant's name on them. This satisfied this officer that the defendant had been staying in the residence at some point. This officer led the way back to the front door of the residence and Chris Cronce was behind me when this officer observed a black firearm, pistol, in a holster sitting on a shelf which was approximately 2-3 feet away from the front door. This officer asked Chris Cronce if it was a loaded firearm and Chris Cronce confirmed that it was and that the firearm was his wife's firearm and he did not know that it was there. This officer explained to Chris Cronce that the defendant is no longer allowed to reside at this residence if there are going to be firearm there. This officer explained to Chris Cronce that if the defendant is to reside at the residence, all firearms needed to be taken somewhere else and that we would search the residence to assure that there were no firearms in the residence. This officer also informed Chris Cronce that due to being on felony probation with the State of Alaska, that he was probably prohibited from possessing one as well.

On December 10, 2007, this officer, along with a fellow officer, contacted the defendant's mother, Katie Cronce, at her employment to verify if the defendant was residing with her. Ms. Cronce stated that the defendant has been residing at her residence for approximately a week.

On December 10, 2007, this officer, along with a fellow officer, contacted the defendant at his mother's residence. The defendant reported that he and his brother have been having disagreements and he has been staying at his mother's residence for the last four days. This officer explained to the defendant that he has to keep me informed when he changes residence and he has not. This officer informed the defendant that we had gone to his reported residence of 167 N. Birch, space 25, Soldotna, Alaska, and observed a firearm in the residence and that he is no longer to reside with his brother. This officer attempted to get a urine sample from the defendant, but he was unable to provide one. This officer instructed the defendant to report to CICADA on this day at 5:00 p.m. to provide a urine sample. This officer discussed use of any

controlled substances with the defendant and he stated that he had used marijuana last week. This officer walked into the defendant's bedroom in the residence and observed multiple bottles of alcohol that appeared empty. This officer asked the defendant if he had any marijuana in the room and he stated that he did not and we could look in his drawers if we wanted to. This officer looked in a dresser drawer and observed a package of papers used for rolling tobacco and/or marijuana. The defendant stated that he sometimes rolls his own cigarettes, and this officer asked the defendant if he had any tobacco which he responded that he did not.

On December 10, 2007, this officer met with the defendant at CICADA and he provided a urine sample, number B00727426, that tested positive for marijuana, opiates, and cocaine. The defendant again admitted to the use of marijuana on or about December 5, 2007, and signed an Admission of Drug Use. This officer asked the defendant how many other times he had used marijuana since his last admitted use in September 2007, and the defendant reported that he had used approximately two other times. This officer asked the defendant about any use of opiates and/or cocaine and the defendant denied any use. This officer informed the defendant that he should be truthful about it now and if it comes back confirmed positive later, this officer did not want to hear any excuses at that time. The defendant again stated that he did not use any opiates or cocaine.

On December 12, 2007, this officer spoke with Probation Officer Rueben Foster with the State of Alaska. Officer Foster reported that Chris Cronce had removed the firearm from his residence. Officer Foster reported that Chris Cronce had stated that the .40 caliber firearm was his wife's due to receiving threats from a local drug dealer and that she carries the firearm on her the majority of the time. This officer informed Officer Foster that the defendant was no longer permitted to reside with Chris Cronce.

On December 17, 2007, this officer received confirmation concerning the defendant's urine sample number B00727426 that he provided on December 10, 2007, which was confirmed positive for marijuana, opiates, and cocaine.

Executed this 17th day of December, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Chris Liedike
U.S. Probation Officer