PROB 12C
(7/93)

RECEIVED

MAY 1 4 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# United States District Court

for the

# District of Alaska

### Supplemental Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Russell Cronce                     Case Number: 3:06-cr-00027-RRB-01

Sentencing Judicial Officer:      Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:       September 28, 2006

Original Offense:                Conspiracy In Relation To Methamphetamine, Its Salts, Isomers
                                 Trafficking in violation of 21 U.S.C. §§ 846 and 841(a)(1) &
                                 (b)(1)(B); and
                                 Unlawful Possession of a Stolen Firearm in violation of 18 U.S.C.
                                 §§ 922(j) and 924(a)(2)

Original Sentence:               24 months imprisonment and 3 years supervised release

Date Supervision Commenced:      August 8, 2007

Asst. U.S. Attorney: David Nesbett                  Defense Attorney: Michael Dieni

---

## PETITIONING THE COURT

[X]    To issue a warrant
[  ]   To issue a summons

In addition to the violations identified in the December 17, 2007, Petition for Warrant for Offender at docket 106, the probation officer believes that the offender has violated the following additional condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 8 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month as determined by the probation officer," in that on March 12, 2008, the defendant failed to report to a scheduled drug test. This violation is a Grade C violation. |
| 9 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month as determined by the probation officer," in that on March 24, 2008, the defendant failed to report to a scheduled drug test. This violation is a Grade C violation. |

10        The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that on March 30, 2008, the defendant submitted a message on Sabastion Gardner's (codefendant in this case) MySpace.com page replying to Mr. Gardner's previously submitted messages.  This violation is a Grade C violation.

11        The defendant has violated the Mandatory Condition of Supervision "The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 12 tests per month as determined by the probation officer," in that on April 7, 2008, the defendant failed to report to a scheduled drug test.  This violation is a Grade C violation.

12        The defendant has violated the Special Condition of Supervision " The defendant shall reside in a Community Correctional Center for a term of up to 180 consecutive days. The defendant shall comply with the rules and regulations of the center and may have available work release privileges from the center. Once the defendant has secured viable employment and a suitable residence, the U.S. Probation Officer has leave to effect the defendant's release from the Community Correctional Center," in that on April 14, 2008, the defendant signed out of the Cordova Center for work but never reported to his employment, in violation of the center's rules.  This violation is a Grade C violation.

13        The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on April 30, 2008, the defendant submitted a urine sample (Specimen No. 460014) at the Cordova Center. Said sample was sent to Redwood Toxicology Laboratory, and the sample was confirmed to contain marijuana. This violation is a Grade C violation.

*Petition for Warrant or Summons*
Name of Offender        :        *Russell Cronce*
Case Number             :        *3:06-cr-00027-RRB-01*

U.S. Probation Officer Recommendation:

       The term of supervised release should be:

            [X]    Revoked
            [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: May 13, 2008

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]    Other:

*Petition for Warrant or Summons*
*Name of Offender        :        Russell Cronce*
*Case Number             :        3:06-cr-00027-RRB-01*

**REDACTED SIGNATURE**

Ralph R. Beistline
U.S. District Court Judge

May 14, 2008

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court

for the

## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: 3:06-cr-00027-RRB-01 |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF |
| | ) | SUPPLEMENTAL PETITION |
| | ) | |
| Russell Cronce | ) | |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Russell Cronce, and in that capacity declare as follows:

On December 17, 2007, a seven-count Petition for Warrant or Summons for Offender Under Supervised Release and a Warrant for Arrest was issued by the Court.

On December 19, 2007, the defendant was arrested by the U.S. Marshals Task Force in Kenai, Alaska.

On December 20, 2007, the defendant appeared before the Honorable John D. Roberts, U.S. Magistrate Judge, in Anchorage, Alaska, for an Initial Appearance on the Petition for Warrant or Summons for Offender Under Supervised Release. The defendant denied all allegations, and the defendant was released on bond to the Cordova Center.

On December 21, 2007, the defendant was transported to the Cordova Center by this officer and a fellow officer. During the transport, this officer informed the defendant that any drug use will not be tolerated, and the defendant stated that he understood. While checking into the Cordova Center, the defendant was directed by the probation officer to report to the U.S. Probation Office for substance abuse testing and to call into the urinalysis call-in system daily from the Cordova Center. The Federal case manager at the Cordova Center stated that there was a free phone that the defendant could use to call into the system.

On January 3, 2008, the defendant appeared before the Honorable John D. Roberts, U.S. Magistrate Judge, in Anchorage, Alaska, for a Status Hearing/Evidentiary Hearing. An agreement was reached by the parties to a modification to the defendant's conditions of supervised release, after which the petition would be dismissed without prejudice.

Declaration in Support of Supplemental Petition,
CRONCE, Russell

On January 4, 2008, a Request for Modification of Conditions or Term of Supervised Release
with Consent of the Offender was filed with the Court requesting that the defendant's
conditions of supervised release be modified to include the condition of, "The defendant to
reside at a Community Correctional Center for a term of up to 180 consecutive days. The
defendant shall comply with the rules and regulations of the center and may have available work
release privileges from the center. Once the defendant has secured viable employment and a
suitable residence, the U.S. Probation Officer has leave to effect the defendant's release from the
Community Correctional Center," and the condition, "The defendant shall reside in
Anchorage, Alaska during his term of supervised release unless otherwise approved by the
probation officer if the defendant has secured viable employment and a verified residence
outside of Anchorage." On January 4, 2008, these modifications were approved by U.S.
District Court Judge Ralph R. Beistline.

On January 29, 2008, this officer received a call from the Federal case manager at the Cordova
Center stating that the defendant had left the center to attend employment training that
afternoon but the training was cancelled. The case manager reported to this officer that the
defendant returned to the Cordova Center with a water bottle that contained vodka which is a
violation of the center's rules. A breath test was conducted and gave a negative result for
alcohol. The Federal case manager reported to this officer that the bottle was seized.

On January 30, 2008, the defendant began employment with Ivan Moore's Research in
Anchorage, Alaska.

On January 31, 2008, this officer went to the Cordova Center to speak with the defendant
regarding the incident that occurred on January 29, 2008. This officer first spoke with the
Federal case manager, who stated that the defendant admitted to bringing in the alcohol to
celebrate getting a job and that he had not consumed any yet. This officer then met with the
defendant concerning the alcohol he had brought into the Cordova Center to celebrate his new
job, and the defendant admitted to the action. This officer informed the defendant that he was
very lucky he had not been designated by the Bureau of Prisons yet or he would be in jail right
now for the violation (it did not state in his conditions of pretrial release "to follow the rules of
the Cordova Center"). This officer informed the defendant that he was to abide by all the rules of
the Cordova Center and not to take chances while there or he will find himself in jail. This
officer informed the defendant that this officer will not tolerate this behavior anymore and that he
needs to grow up and follow all the rules. This officer informed the defendant that if he violated
any conditions or rules of the Cordova Center, this officer will file a petition for his revocation
and he would be taken into custody by the U.S. Marshals and facing a minimum of three months
in jail. The defendant stated that he understood.

On March 12, 2008, the defendant failed to appear for scheduled drug testing.

2

Declaration in Support of Supplemental Petition,
CRONCE, Russell


On March 20, 2008, the defendant began employment with Jiffy Lube in Anchorage, Alaska.


On March 24, 2008, the defendant failed to appear for scheduled drug testing.

On April 1, 2008, this officer checked the defendant's MySpace.com page and the page of the defendant's codefendant, Sabastion Gardner, also a felon. This officer observed that on March 30, 2008, the defendant had contact, via the internet, with Sabastion Gardner.  On March 18, 2008, and March 25, 2008, Sabastion Gardner submitted a message on Cronce's MySpace.com page. On March 30, 2008, Cronce submitted a message on Gardner's MySpace.com page replying to Gardner's previously-submitted messages.

On April 7, 2008, the defendant failed to appear for scheduled drug testing.

On April 14, 2008, this officer received a call from an employee of the Cordova Center reporting that the previous day, the defendant had signed out to work and did not go. The employee reported that they contacted the defendant's employer and was informed that the defendant was not working. The employee faxed a copy of an Incident Report to this officer.

On April 14, 2008, this officer spoke with the defendant via telephone and discussed the incident from April 13, 2008. This officer verbally reprimanded the defendant for violating the Cordova Center's rules by lying about going to work when in fact he did not. This officer informed the defendant that violating the rules of the Cordova Center is also a violation of his supervised release conditions. This officer also verbally reprimanded the defendant for failing to appear to scheduled drug testing, and this officer informed the defendant that he is to call into the urinalysis call-in system each night and to report if scheduled.

On April 23, 2008, this officer attempted to contact the defendant at his reported employment with Jiffy Lube. This officer was informed by an employee that the defendant reported to work on or about April 17, 2008, and quit without notice. This officer contacted the Federal case manager at the Cordova Center and was informed that the defendant had gained employment with Builder's Choice in Anchorage, Alaska.

This officer proceeded to Builder's Choice and met with the defendant. This officer verbally reprimanded the defendant for quitting Jiffy Lube in the manner he did and for not notifying this officer of a change in employment. The defendant reported that he did not know that he had to inform this officer of such a change.

On May 12, 2008, this officer spoke with the Federal case manager at the Cordova Center via telephone and was informed that she received a report back concerning a urine sample the

3

Declaration in Support of Supplemental Petition,
CRONCE, Russell

defendant submitted on April 30, 2008, and the sample was positive for marijuana. The case
manager reported that all previous drug tests were negative. The Federal case manager
reported that she would fax this officer a copy of the report.

This officer has received a copy of the drug test report from the federal case manager from the
Cordova Center. The report prepared by Redwood Toxicology Laboratory indicates that
specimen number 460014 submitted by the defendant was collected on April 30, 2008,
received on May 7, 2008, and reported as confirmed positive for THC (marijuana) on May 11,
2008.

Executed this 13th day of May, 2008, at Anchorage, Alaska, in conformance with the
provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters
stated upon information and belief, and as to those matters, I believe them to be true.

Redacted Signature
Chris Liedike
U.S. Probation Officer

4